

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN THE MATTER OF APPEALS FROM ORDERS OF THE BANKRUPTCY COURT IN THE CASE OF TRI-STATE ETHANOL COMPANY, LLC, <br><br>Debtor. | CIV 06-1043 and 06-1040 <br><br> ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tri-State Financial, LLC ("TSF") has filed and served a brief (Doc.10-1) consisting of 49 pages. I have read the brief. Appellees Robert E. Hayes and his law firm have served and filed a motion (Doc. 15) to strike the TSF brief as over-length. The motion is supported by a brief (Doc. 17). TSF has served and filed a response (Doc. 19) with a supporting brief (Doc. 20). TSF attempts to rely on Fed.R.Bank.P. 8010(c) (authorizing "principal briefs" to not exceed 50 pages unless the district court by local rule or order otherwise provides.") I have read all documents. The briefs adequately set forth the issues before the court.

I find and conclude that D.S.D.LR 7.2 in its entirety applies to all civil actions pending in the District of South Dakota. No brief may be filed in excess of 25 pages without "prior approval" from the Court. No such approval was sought. This court has adopted and filed Standard Operating Procedures. Paragraph 14 provides: "Follow the briefing time schedules and the page limitations set forth in the Local Rules for the District of South Dakota." This is a general directive to counsel. The procedures are intended to assist lawyers and to guide them, especially out-of-state lawyers admitted *pro hac vice* who are not generally familiar with the practices and procedures in the District of South Dakota. All lawyers admitted *pro hac vice* are admitted contingent upon, *inter*

*alia*, obtaining a copy and following the Standard Operating Procedures.

There are no exceptions for briefs filed in bankruptcy appeals. Nor are there any exceptions for briefs filed in social security appeals or appeals from magistrate court. The rules and the procedures are clear to anyone reading them. Certainly, if there was any doubt in the minds of the TSF attorneys, the correct procedure would have been to make inquiry of the court or to seek authorization in advance to file an over-length brief.

TSF, as a "back-up position," asks the court to approve the brief already filed if the court determines that the brief was filed in violation of local rules. I decline to do so. The court does not intend to reward lawyers who do not follow the rules. The motion should be granted and the clerk directed to place the brief under seal so that it is available in the event of any further appeal.

A question may well exist as to whether Judge Hoyt should even have considered the motion. The motion for recusal was apparently not signed by Terry Prendergast, the local counsel for TSF, another violation of the rules. Judge Hoyt did, however, consider the motion and I will do likewise at a later date.

The court is exercising its discretion to not allow the over-length brief, at least at this juncture, for other reasons as well. I have been a lawyer and admitted to the bar since 1962. I practiced law from 1965 until taking office in 1995. I tried many cases to juries and to courts. I have filed hundreds of briefs in state trial courts, in federal courts, and in the South Dakota Supreme Court. I have never seen or even heard of a brief which is so strident and which so assaults the integrity and the character of a trial judge. I believe if counsel filed such a brief with the South Dakota Supreme Court, the brief would be struck from the record and those who signed the brief would be publicly chastised. Statements in a brief that the trial court had become "obviously more than a judicial body" and that the judge had become an "advocate" for an opposing party warranted a rebuke. <u>Northwest South Dakota Production Credit Ass'n. v. Dale</u>, 361 NW2d 275 (SD 1985). Numerous such accusations are found in the brief under consideration here.

2

The brief suggests on page 10 (fn 4) that Judge Hoyt has lied. Yet Rule 8.2(a) of the Rules of Professional Conduct provides: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . ."

After requesting court authorization to make extensive and very expensive improvements to the ethanol plant, which authorization was denied, it is clear that the debtor, TSF, and its attorneys proceeded to do exactly what Judge Hoyt had disapproved and what they knew had been disapproved. Of course, Judge Hoyt would not have been happy with such procedures by TSF, the debtor, and the attorneys. The present *pro hac vice* counsel for TSF blames such activities on South Dakota lawyers (without naming them) and a lawyer from Omaha, the Omaha lawyer having previously represented TSF in the bankruptcy proceedings. Such is not material. The client, TSF, is responsible for acts done with the advice of an attorney. If the client has received bad advice, the remedy is to pursue the lawyer. One need not be a lawyer to know that, in the course of a lawsuit, a party should not make an end run on rulings of the judge; the answer, of course, is to appeal, not disregard a court ruling. TSF calls Judge Hoyt's statements about the activities described above as being "gratuitous denunciations."

The record is clear, however, that no sanctions of any kind have been imposed by Judge Hoyt as a result of the end runs on the supervisory authority of a bankruptcy judge. There is nothing pending before Judge Hoyt as to any issues involving the unauthorized retrofitting of the plant.

The brief suggests on page 13 what a "fair judge" would have done, suggesting that Judge Hoyt should have told TSF to not settle with North Central Construction Company, Inc. ("NCC") (the contractor who had built the ethanol plant) because of what Judge Hoyt may have been planning to do in the future. The brief claims that Judge Hoyt was instructing the trustee and the trustee's lawyer what to do and how to practice law and that those lawyers were under the thumb and control of Judge Hoyt. The brief

suggests that Judge Hoyt and attorney and trustee Lovald were engaged in *ex parte* communications and planning. The brief attacks the integrity of other members of the State Bar of South Dakota, as well as that of Judge Hoyt.

The brief and counsel for TSF quote from and rely in part on an "affidavit" which they obtained from a newspaper reporter in Rosholt, SD, and caused to be filed (page 17 of the brief). The affidavit (which should normally consist of facts rather than opinions) accuses Judge Hoyt of "blackmail" and twice of having conducted a "kangaroo court." Counsel for TSF advance the proposition that Judge Hoyt during a court hearing on October 26, 2004, was engaged in "gamesmanship." They accuse Judge Hoyt of engaging in "legal gymnastics." They claim that Judge Hoyt, apparently on the basis of his rulings, "showed extreme preferential treatment" toward another bidder in competition with TSF. They accuse Judge Hoyt of threatening to continue the proceedings and the bidding to another day. That, of course, is the prerogative of any judge. They offer hearsay evidence of conversations by unknown persons to the effect that attorneys Lovald and Hayes were under Judge Hoyt's thumb and "only doing what the judge told them to do." These are all scandalous accusations made by a non-party, a non-lawyer, and a person having no information about bankruptcy law, all the material facts of the case, or the obligations of a bankruptcy judge. Mr. Prendergast and Mr. Strasheim thus endorse and adopt such scandalous accusations by signing the brief and filing the affidavit. *See* In re Discipline of Eicher, 661 NW2d 354, 2003 SD 40, and In re Discipline of Dorothy, 605 NW2d 493, 2000 SD 23.

The brief accuses Judge Hoyt of believing that the principal investor in TSF, John Hoich, had sexually harassed Judge Hoyt's clerk. The brief claims that Judge Hoyt set out to "put or keep Strasheim in his place." The brief attempts to raise claims by ICM, an entity not represented by Mssrs. Strasheim and Prendergast. The brief often attacks the integrity of attorney and trustee Lovald and attorney Robert E. Hayes.

It is one thing to claim that someone was mistaken as to the law or the facts. It is

quite another thing to make claims of fraud, misrepresentation, and dereliction of the duty of a lawyer to represent a client.

The brief claims Judge Hoyt was antagonistic toward Mr. Hoich because Hoich had a net worth of at least $25 million. The accusation is that Judge Hoyt was jealous of Hoich and set out to punish him for his wealth.

The brief claims that Judge Hoyt also penalized Randy Kramer (who personally had nothing pending before the bankruptcy court) and John Jandrain although neither TSF nor its attorneys have any authority to speak for them.

The brief then moves to an accusation of unethical and improper conduct by Judge Kressel, a bankruptcy judge from the District of Minnesota, claiming that improper information was given to Judge Kressel. I assume the accusation is that Judge Hoyt gave and Judge Kressel accepted some paperwork so that Judge Kressel would know how to rule. Judge Kressel has denied this attack on his conduct. TSF has also frivolously claimed that Judge Kressel had no authority to rule, ignoring the fact that on December 7, 2005, the Chief Judge of the United States Court of Appeals for the Eighth Circuit had entered an order designating Judge Kressel to serve in part in the District of South Dakota.

The brief claims (page 44) that Judge Hoyt was "misleading." This fits with the statements in the TSF motion for recusal where the claim is made (page 9) that Judge Hoyt has stated facts that are not facts and as to which there is no credible evidence. The motion claims Judge Hoyt lied about whether he had read an improper *ex parte* communication from NCC which he had caused to be filed under seal. Judge Hoyt has stated unequivocally on the record more than once that he did not read the communication. Only he would know the answer to that question. The motion (page 9) claims Judge Hoyt knew of the ongoing retrofitting of the plant but would not admit it, that he knew that TSF was loaning money to the debtor but would not admit it, and that he should have *sua sponte* ordered the retrofitting to be stopped.

The brief attacks Judge Hoyt for disbelieving the testimony of Hoich and others. Yet we know that credibility determinations are within the exclusive domain of the lower court and are virtually un-reviewable on appeal. United States v. Rodriguez, 414 F.3d 837, 845 (8th Cir. 2005), and Enterprise Rent-A-Car v. Rent-A-Wreck of America, 181 F.3d 906, 910 (8th Cir. 1999). It is obvious from the record that, despite the protestations of the attorneys for TSF, Judge Hoyt believes that Mr. Hoich and TSF twice agreed to settlements, once before Judge Hoyt and then in a mediation session before a United States Magistrate Judge, and then refused to honor them by adding additional stipulations and conditions. Judge Hoyt was obviously not happy with such activities. That is again a matter of simply judging credibility or lack thereof.

Judges have virtually no protection from politicians or lawyers. Unlike an opposing party, judges are not permitted to respond, to testify, or file a brief or affidavit. Judge Hoyt has, however, filed what could be called an "over-length" written decision in connection with the motion to recuse. He addresses in great detail the accusations made against him. It was proper to do so, one of the reasons being that a motion for recusal should receive very careful attention by the trial court judge, including careful soul searching. No responsible judge would want any responsible litigant or responsible lawyer (or even a spectator) leaving the courtroom with thoughts of bias or proceedings having been conducted like a "kangaroo court."

Having said all of this, I realize that certainly much more latitude should be extended to the movant in connection with a motion to recuse (as distinguished from a routine brief in connection with an appeal). After all, the entire purpose of the motion is to claim and show that the judge was biased or would readily be perceived to be biased. I must, of course, approach this entire matter with great caution. I tried cases before Judge Hoyt when he was a state court judge. I have known him for many years. I have never known him to engage in improper conduct as a judge. I had almost no experience as a lawyer in bankruptcy court. Any judge in South Dakota must be careful to not favor or

6

disfavor any lawyer or party based on residency or any other non-relevant reason. Any judge must be careful to not leave even the impression that judges belong to the "good old boys' society" and automatically refuse to look carefully at allegations leveled against another judge. Again, having said all this, I believe that the TSF brief is "off the wall" and in violation of the obligations of officers of the court. I would be remiss in my duties were I to allow the filing of this over-length brief containing scandalous allegations and personal attacks.

If attorneys Prendergast and Strasheim speak the truth in their brief, they should promptly file a complaint with the Chief Judge of the United States Court of Appeals. Judge Hoyt would then be permitted to respond and an appropriate resolution, including possible disciplinary action, would be forthcoming.

Briefs in answer to the TSF brief have been filed by Robert E. Hayes and John S. Lovald. TSF has filed a motion (Doc. 36) for an extension of time to file a reply brief. This motion is moot and should be denied.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 15) to strike the brief filed by attorneys Prendergast and Strasheim on behalf of TSF is granted.

2) The clerk shall take such action as is required to place the brief (Doc. 10-1) under seal so that the brief may be available to the United States Court of Appeals in the event of any further appeal.

3) The brief shall not be further considered by the court and no response need be made to it.

4) Any responses filed to the brief will also not be considered by the court.

5) The motion (Doc. 36) for an extension of time to file a reply brief is denied. Answering briefs are due 20 days from the service of the original brief and a reply brief is due 10 days thereafter. Since there is nothing yet for the court to consider, no reply brief

is appropriate.

    Dated this 2nd day of January, 2007.

BY THE COURT:

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
    DEPUTY
    (SEAL)