FILED

FEB - 2 2007

[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| IN THE MATTER OF APPEALS FROM ORDERS OF THE BANKRUPTCY COURT IN THE CASE OF TRI-STATE ETHANOL COMPANY, LLC, <br><br>Debtor. | CIV 06-1043 and 06-1040 <br><br>ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This court has acted previously (Doc. 37 in 06-1040 and Doc.18 in 06-1043) to strike (by filing under seal) an over-length (in violation of local rules) and scandalous brief filed by Tri-State Financial, LLC. ("TSF"). I did make the observation that if TSF was uncertain about the application of the local rules of the District of South Dakota, inquiry should have been made with an application for leave to file a brief with more pages than normally permitted by the local rules.

TSF has now filed a motion (Doc. 21 in 06-1043) (with a supporting brief, Doc. 22) "making inquiry and seeking authorization concerning timing, length, and contents of briefs." No such motion was apparently filed in 06-1040.

The motion should be denied, except as it may deal with briefing schedules. I certainly do not intend to start down the slope of telling lawyers what should be contained in the briefs by way of contents, other than to require lawyers to comply with the Rules of Professional Responsibility. Counsel for TSF should know this. Counsel for TSF very frankly appear to be attempting to "set up" the United States District Court for clear error, attempting to proceed on the totally unfounded assumption that a court would prohibit a party from filing a brief covering one of the issues on appeal. No responsible judge would do that and I would not do that.

1

To make matters worse, counsel for TSF have filed a brief, Doc. 32 in 06-1043, stating in the table of contents VIII, as follows: "IN OBEDIENCE TO ORDER AND OPINION DATED JANUARY 2, 2007, AND ORDER PARTIALLY CONSOLIDATING CASES AND CONFORMING DEADLINES DATED DECEMBER 20, 2006, TSF DOES NOT SUBMIT ANY BRIEF ON RECUSAL ISSUES IN THIS APPEAL." This is a blatant misstatement of the record by attorneys Strasheim and Prendergast. This court at no time even suggested, much less ordered, that TSF could not file a brief dealing with recusal issues. I did rule that the first brief filed did not comply with the Rules of Professional Responsibility or the local rules. These very limited directives are clear in the Order. Counsel for TSF were and are free to file any brief they choose which meets the requirements of the Rules of Professional Responsibility. I do not intend to "screen" in advance the brief for TSF or anyone else.

TSF has apparently not filed any additional brief in 06-1040.

In the exercise of my discretion, I do not intend to allow TSF to file a brief that exceeds what is permitted by D.S.D.LR 7.2(B).

TSF, by misconduct, has created a great deal of confusion and needless expenditures of time by the court and opposing counsel. I will attempt to clarify matters. TSF may within 10 working days of this Order serve and file an appellant's brief in both these files, addressing any issues that TSF wishes to address in an appropriate and professional manner. If TSF chooses to do so, the earlier brief (Doc. 32 in 06-1043) shall not be considered by the court and no response is required from appellee. The appellees may within 20 working days thereafter (plus three days for service) serve and file answering briefs. TSF may then, within 10 working days thereafter (plus three days for service) serve and file reply briefs.

TSF has also moved (Doc. 9 in 06-1040) to supplement the record. There has been no opposition stated to the motion. Such motion should be granted.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 9 in 06-1040) to supplement the record is granted and the record is supplemented to include the items specified in the motion.

2) The parties and counsel shall comply with the directives of the court as set forth above.

3) If there is an application pending by TSF to serve and file an over-length brief, the request is denied.

4) The motion in Doc. 21 in 06-1043 is denied other than as dealing with briefing schedules as explained above.

Dated this 2nd day of February, 2007.

BY THE COURT:

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY
DEPUTY
(SEAL)

3